UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OLUKAYODE D. OJO, OLATUNBOSUN G. OJO, | ) | |
| Plaintiff(s), | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| MILROSE 179 HARRISON, LLC.; | ) | CIVIL COMPLAINT |
| EHRLICH, PETRIELLO, GUDIN, & PLAZA; | ) | AND |
| Defendant(s), | ) | DEMAND FOR JURY TRIAL |

OLUKAYODE D. OJO and OLATUNBOSUN G. OJO (hereinafter "Plaintiffs"), brought this civil action by way of this civil complaint against Milrose 179 Harrison, LLC ("Milrose 179 Harrison") and Ehrlich, Petriello, Gudin, & Plaza ("EPGP"), (hereinafter the Defendants); and alleges, upon personal knowledge as to all matters and upon information and belief, as follows:

*Introduction*

1.      This is an action for damages for violation of the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA); Consumer Leasing Act, 15 USCS §§ 1667 et seq. (CLA); and other protections under Federal Consumer Protection Act. Particularly, Plaintiffs bring this action to recover damages for personal injuries, and/or for equitable, injunctive, and declaratory relief against Defendants based on their tortious conducts and actions including retaliatory conducts against Plaintiffs that caused Plaintiffs to suffer economic damages and emotional trauma.

*Jurisdiction and Venue*

2.      The jurisdiction of this court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337 (for damages for violation of the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.); 15 USCS §§ 1667 et seq. (for failure to disclose under the Consumer Leasing Act, ); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2201 et seq. (declaratory and/or injunctive relief); and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all Defendants reside in this district. Venue is also proper in this Court because a substantial part of the events giving rise to the claim occurred in this district.

*Parties*

4.      Plaintiffs Olukayode D. Ojo and Olatunbosun G. Ojo are husband and wife and lessee of Defendant's Milrose 179 Harrison, LLC. At all relevant times to the incidents alleged herein Plaintiffs are domicile in 179 South Harrison Street, Unit 505, East Orange, New Jersey, Zip-Code 07018.

5.      Defendant Milrose 179 Harrison, LLC ("Milrose 179 Harrison") is a corporation organized and

1

existing under the laws of the State of New Jersey, with its principal place of business in Lakewood, New Jersey with postal address known as P.O. Box 945, Lakewood, New Jersey 08701. At all relevant times, Defendant Milrose 179 Harrison domicile and/or transacts business under this District of New Jersey.

6. Ehrlich, Petriello, Gudin, & Plaza ("EPGP") is a professional corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in 60 Park Place, Suite 1016, Newark, NJ 07102. At all relevant times, Defendant EPGP domicile and/or transacts business under this District of New Jersey. Moreover, Defendant EPGP regularly tries to obtain payment of consumer debts through legal proceedings and hence, it falls under description of lawyer who regularly "attempts" to "collect" those consumer debts. See, e.g., Black's Law Dictionary 263 (6th ed. 1990) ("To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings")

### *Factual Allegations*

7. Upon information and belief, Defendant Milrose 179 Harrison is the owner of the apartment building that is located in 179 South Harrison Street, East Orange, New Jersey, Zip-code 07018.

8. On or about December 20, 2017, Plaintiffs entered into an agreement with Defendant Milrose 179 Harrison in regard to the leasing of Apt. No. 505 (a.k.a. Unit 505), located in the above-described premises.

9. The lease for the apartment (the "lease") designates Defendant Milrose 179 Harrison as "lessor" and Plaintiffs as "lessee." A copy of the lease is annexed as Exhibit A.

10. The apartment has three bedrooms, two bathrooms, a kitchen, a living room, and a open dining room.

11. At the time of the lease, Plaintiffs became statutory tenant of Defendant Milrose 179 Harrison pursuant to applicable provisions of law, and Plaintiffs agreed to pay rental of $1,900 per month.

12. Plaintiffs have expended significant sums of money to decorate and furnish the apartment, including furniture that matched the size and positional angles of each and every rooms and spaces in the apartment unit.

13. As part of their lifestyle, Plaintiffs and their three children (two males and one female) enjoy entertaining at home.

14. Upon information and belief, among other things the lease obligates the lessor, at its own expense, to keep in good repair all of the building, including all of the apartments ... and its equipment and apparatus except those portions the maintenance and repair of which are expressly stated to be the responsibility of the lessee.

15. At all relevant times from December 20, 2017, and through until December 2019, Plaintiffs and Defendant Milrose 179 Harrison were contractually bound as tenant and landlord relative to the subject premises and unit 505.

16. Throughout their tenancy up until early December 2019, Plaintiffs performed, without delay, all of the terms and conditions imposed on them as statutory tenants.

17. Starting from July 2019 until the Plaintiffs wrongful ouster from the premises on December 2019, without any fault on the Plaintiffs' part, Defendant Milrose 179 Harrison, by and through its agents and/or servants, engaged in a course of conduct regarding the maintenance of the premises which caused the condition of the Plaintiffs' residence to become dangerous, detrimental to life, health and safety, and unfit for continued occupancy.

18. In regard to the common elements of the building and apartment in which the Plaintiffs were tenants, the conditions complained of include, but are not limited to the following: (a) the property is infested with bed bug/vermin; (b) the fall-out of the entrance door; (c) the fall-out of the closet doors; (d) the non (adequate) working of the refrigerator; (e) the falling apart of the kitchen cabinet; (f) the non-functioning of the bathroom including failure to drain shower waters; (g) the non-functioning of the toilet including the removal of the top seat; and (h) the cracking plaster and scaling paint in the apartment.

19. The Defendant Milrose 179 Harrison was placed on actual and constructive notice of the conditions complained of, and despite such notice and demand for the remedy of the conditions, Defendant Milrose 179 Harrison willfully and wrongfully refused to remedy the conditions in a timely manner. Defendant Milrose 179 Harrison cut essential services at the premises, rendering the premises unfit for human habitation.

20. As a result of the Defendant Milrose 179 Harrison's delayed tactics, Plaintiffs suffered injuries and damages including sleeplessness, pain and suffering, property damages such as clothing and furniture, embarrassment, and discomforts.

21. By and through several written and verbal (telephone) communication, Plaintiffs repeatedly warned Defendant Milrose 179 Harrison that its refusal and/or failure to fix the defects in the apartment will result in their withholding of the rent payments. However, Defendant Milrose 179 Harrison continues to ignore Plaintiffs warning and further refused to fix the defects on the apartment. Copies of communications between Plaintiffs and Defendant Milrose 179 Harrison is annexed as Exhibit B.

22. On or about December 5, 2019, having realized that Defendant Milrose 179 Harrison has had enough opportunity but failed to repair, Plaintiffs withheld the rent payment for the month of December 2019 to Defendant Milrose 179 Harrison.

23. By and through communications, Defendant Milrose 179 Harrison communicated to Plaintiffs, requested that Plaintiffs should pay in excess of the agreed amount in the lease; threatened to evict Plaintiffs if those excess amounts are not paid along with the agreed amount; threatened to charge Plaintiffs with additional fees and costs if they remain in the property for withholding rent payment even though Plaintiffs informed it that they are withholding the payment because of failure to repair the defects in the property.

24. On or about December 16, 2019, in what appears to be retaliatory measure, Defendant Milrose 179 Harrison conspired with Defendant EPGP with intent to summarily and unlawfully dispossess Plaintiffs from the apartment.

25. Upon information and belief, Defendant Milrose 179 Harrison must have informed Defendant EPGP of its intent to retaliate against the Plaintiffs because of Plaintiffs' asserted position to withhold rent payments as a result of failure to repair pending the repair of the apartment; and that while it is not

intending to repair the apartment for Plaintiffs it is interested in collecting debts from Plaintiffs at all and any cost; and hence, the Defendants jointly agreed to use court process in an unlawful manner including filing frivolous lawsuit as threats and intimidation to force Plaintiffs and their children out of the apartment knowing fully that Plaintiffs would not be able to withstand the threat and pressure because of their children's welfare.

26.     In furtherance of the conspiracy, on December 16, 2019, Defendant EPGP, by and through its member, agent and/or servant, filed a civil complaint for summary dispossession. A copy of the civil complaint for summary dispossession is annexed as Exhibit C.

27.     In furtherance of the conspiracy, when Plaintiffs called Defendant EPGP, someone answered and having confirmed that it was Plaintiffs' call by and through collection of the civil case number pertaining to the summary dispossession from Plaintiffs and used it to trace its record, asked Plaintiffs to go and pay the entire amount on the bills that were sent and filed against them before calling for the dismissal of the civil action.

28.     At all relevant times to the defects as described hereinabove, Plaintiffs repeatedly called the assigned superintendent to the house for the fixing of the defects and he repeatedly asked Plaintiffs to call the office. However, the office asked Plaintiffs to call the superintendent to the extent that no fixing of the defects.

29.     At all relevant times to the defects as described hereinabove, Plaintiffs properties including furniture and clothing were damaged and destroyed and Defendants failed to disclose any or appropriate statement identifying all express warranties and guarantees made by the manufacturer or lessor with respect to the leased property, and identifying the party responsible for maintaining or servicing the leased property together with a description of the responsibility. Moreover, the lease failed to disclose description of insurance provided or paid for by the lessor or required of the lessee, including the types and amounts of the coverage and costs.

30.     Consequently, Plaintiffs were forced, by the conducts and threats from Defendants as explained hereinabove, to vacate the apartment on or about December 31, 2019.

31.     As a result of the foregoing, Plaintiffs suffered economic damages and emotional harm.

*First Cause of Action*

32.     The Plaintiffs repeats and incorporates paragraphs 1 through 31.

33.     As a result of the Defendants' willful and wrongful failure to maintain the essential services to the premises and to make repairs required by law, the Plaintiffs and their three children were wrongfully ousted from the premises.

34.     The Defendants' conduct constituted a breach of contract and of the Plaintiffs' quiet enjoyment of the premises.

35.     Consequently, the Defendants, by their conduct, wrongfully evicted the Plaintiffs from the

premises, causing the Plaintiffs to sustain monetary damages.

## *Second Cause of Action*

36.     The Plaintiffs repeats and incorporates paragraphs 1 through 35.

37.     While the parties were in the relationship of landlord and tenant, the Defendants engaged in the above course of conduct with the specific intent of harassing and humiliating the Plaintiffs by allowing the condition of the premises to deteriorate to the extent that the apartment was unfit for the Plaintiffs' continued habitation.

38.     As a result of the Defendants' conduct, the Plaintiffs, without any fault on their part, was wrongfully ousted from the subject premises.

39.     The Defendants engaged in a course of conduct against the Plaintiffs by attempting to secure for themselves remedies available through the courts when, in fact, the Defendants had no legal right to do so because of their own willful, reckless and wanton conduct.

40.     The Defendants' conduct was intended by the Defendants to cause the Plaintiffs' ouster from the premises.

41.     The Defendants intended, by their conduct, to retaliate against the Plaintiffs for their attempts to enforce their statutory rights as a tenant, and to frustrate any further attempts by the Plaintiffs to enforce those rights.

42.     The Defendants' wrongful and willful acts have caused the Plaintiffs severe mental anguish.

43.     Consequently, the Plaintiffs has sustained monetary damages.

## *Third Cause of Action*

44.     The Plaintiffs repeats and incorporates paragraphs 1 through 43.

45.     The Defendants, by their agents and employees, were negligent in maintaining the premises in the condition described above, despite the fact that they had actual and constructive notice and knowledge that the condition of the premises was dangerous to the plaintiff.

46.     The Defendants maintenance of the conditions described above caused the Plaintiffs to sustain property damage and inflicted emotional distress on the Plaintiffs.

47.     Consequently, the Plaintiffs has sustained monetary damages.

### Fourth Cause of Action

48. The Plaintiffs repeats and incorporates paragraphs 1 through 47.

49. The Defendants' refusal to repair the apartment as provided by the lease constitutes a breach of contract.

50. As a proximate result of the breach, the Plaintiffs sustained economic damages and emotional trauma.

### Fifth Cause of Action

51. The Plaintiffs repeats and incorporates paragraphs 1 through 50.

52. The Defendants' intentional and willful agreement and overt act(s) including but not limited to levying charges in addition to Plaintiffs' rent and the filing of civil complaint for summary dispossession in retaliation to Plaintiffs withholding of rent constitutes civil conspiracy in violation of New Jersey law.

53. As a proximate result of the breach, the Plaintiffs sustained economic damages and emotional trauma.

### Sixth Cause of Action

54. The Plaintiffs repeats and incorporates paragraphs 1 through 53.

55. Plaintiffs are "consumer" within the meaning of 15 U.S.C. § 1692a(3).

56. Defendants are "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

57. As a result of the Defendants' willful and wrongful communications, including letters, words of mouth, sending bills, and the serving wrongful civil complaint, to Plaintiffs are all for the purpose of collecting a "debt" (withheld rent) from Plaintiffs within the meaning of 15 U.S.C. § 1692a(5).

58. The Defendants' conducts as described hereinabove constitutes violations of Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692 to 1692o (FDCPA), the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -156, and federal statutory and regulatory requirements governing the calculation of rent. constituted a breach of contract and of the Plaintiffs' quiet enjoyment of the premises.

59. As a proximate result of the breach, the Plaintiffs sustained economic damages and emotional trauma.

### Seventh Cause of Action

60. The Plaintiffs repeats and incorporates paragraphs 1 through 59.

61. As stated above Plaintiffs are "leasee" within the meaning of 15 USCS §§ 1667 et seq.

62. Defendants are "lessor" within the meaning of 15 USCS §§ 1667 et seq.

63. The Defendants' actions and conducts as described hereinabove constitutes violations of

Consumer Leasing Act, 15 USCS §§ 1667 et seq. (CLA), the New Jersey Truth-in-Renting Act (TRA), N.J. Stat. Ann. § 46:8-43, et seq., and New Jersey common law. Particularly, Defendants willfully and knowingly failed to disclose to Plaintiffs the fact that the above described property is infested with bedbugs and/or vermin before and during the signing of lease agreement. Moreover, Defendants failed to disclose the coverage insurance for the defects in the property to the Plaintiffs in violation of the laws of the State of New Jersey.

64.    As a proximate result of the breach, the Plaintiffs sustained economic damages and emotional trauma.

### *Prayer*

**WHEREFORE**, Plaintiffs demands Judgment and Order against Defendants Milrose 179 Harrison and EPGP, jointly and severally, as follows:

A. Declaration that the above described actions and conducts of Defendants Milrose 179 Harrison and EPGP constitutes breach of the Lease agreement between Defendant Milrose 179 Harrison and Plaintiffs;

B. Declaration that the above described actions and conducts of Defendants Milrose 179 Harrison and EPGP constitutes an unlawful conspiracy to deprive Plaintiffs to collect debt in unlawful manner including by intimidation and harassment; to retaliate against Plaintiffs for withholding rent because of failure to fix defects in the apartment; and/or to unlawfully dispossess Plaintiffs and their children by and through the use of unlawful and/or frivolous civil actions;

C. Declaration that the above described actions and conducts of Defendants Milrose 179 Harrison and EPGP constitutes violation of the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.;

D. Declaration that the above described actions and conducts of Defendants Milrose 179 Harrison and EPGP constitutes violation of the provisions of the Consumer Leasing Act, 15 U.S.C. § 1667, et seq. ("CLA");

E. Declaration that the above described actions and conducts of Defendants Milrose 179 Harrison and EPGP constitutes unlawful civil conspiracy in violation of the State of New Jersey law;

F. Awarding compensatory damages in favor of Plaintiffs, and against Defendants Milrose 179 Harrison and EPGP, jointly and severally, in sum amount not presently known and will be presented and determined by the jury, but estimated to be not less than $500,000.00;

G. Awarding compensatory damages in favor of Plaintiffs, and against Defendants Milrose 179 Harrison and EPGP, for emotional traumas and pain and suffering, in sum amount to presently known and will be presented and determined by the jury, but estimated to be not less than $500,000.00;

H. Awarding punitive damages in favor of Plaintiffs, and against Defendants Milrose 179 Harrison

and EPGP, as the Court may deem just and proper;

I. Awarding Plaintiffs damages as provided by 15 U.S.C. § 1640(a);

J. Awarding of prejudgment and post-judgment interest;

K. Awarding plaintiffs the costs of this action, including attorney's fees under 42 U.S.C. § 1988 to the fullest extent permitted by law; and

L. Such other and further relief as this Court deems just and proper.

Dated: January 24, 2020.

                                                    Yours, e.t.c.

*[Signature]*

Olukayode D. Ojo, E-53299
*For Plaintiffs*
Bergen County Jail
160 South River Street
Hackensack, NJ 07601.

*[Signature] 01/27/2020*

JESUS R. GALVIS
Notary Public
ID No. 2_____
Commission ends July 16, 2020