UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**OLUKAYODE D. OJO and OLATUNBOSUN G. OJO**

    **Plaintiffs,**

    **v.**

**MILROSE 179 HARRISON, LLC, and EHRLICH, PETRIELLO, GUDIN & PLAZA,**

    **Defendants.**

Civ. No. 20-00949 (KM) (ESK)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

    The plaintiffs, Olukayode D. Ojo and Olatunbosun G. Ojo, rented an apartment owned by Milrose 179 Harrison, LLC ("Milrose"). Disputes arose over the habitability of the apartment and the Ojos' refusal to pay rent. Milrose, though its counsel, Ehrlich, Petriello, Gudin, & Plaz ("Ehrlich"), then initiated an action against the Ojos in New Jersey landlord-tenant court, resulting in the Ojos vacating the apartment. Now in this Court, the Ojos, proceeding pro se, have filed suit against Ehrlich and Milrose for claims arising from their landlord-tenant dispute, pressing a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 to 1692p, against Ehrlich and alleging multiple state-law claims against Milrose.

    Now before the Court is Defendants' motion to dismiss the complaint for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (DE 59.)[1] For the following reasons, the motion to dismiss is **DENIED**.

---

[1]     Certain citations to the record are abbreviated as follows:

    "DE" refers to the docket entry numbers in this case

    "2AC" refers to Plaintiffs' Second Amended Complaint. (DE 57.)

    "Mot." refers to Defendants' brief in support of their motion to dismiss. (DE 59-3.)

## I. BACKGROUND

The factual background to this dispute was summarized in my prior opinion. (DE 31) For the purposes of this motion to dismiss, I consider the allegations of the second amended complaint in the light most favorable to the plaintiffs. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

Milrose owns an apartment building on South Harrison Street in East Orange, New Jersey. (2AC ¶ 6.) The Ojos signed a lease for a unit in that building in December 2017. (*Id.* ¶¶ 10, 16.) They claim that the building had a preexisting bed-bug infestation and that by late 2018 or early 2019, their apartment had become infested. (*Id.* ¶¶ 24-30.) The Ojos complained and Milrose sent an exterminator multiple times, forcing them to repeatedly move out of their apartment, wash and bleach it upon their return, and dispose of many of their personal belongings. (*Id.* ¶¶ 31-41.) The Ojos also allege that between July and December 2019, Milrose failed to properly maintain their apartment despite their repeated complaints, by telephone and in writing, about conditions in the unit. (*Id.* ¶¶ 42-46.) By December 2019, it became clear to the Ojos that Milrose would not respond, so they withheld rent for that month. (*Id.* ¶ 47.) In response, Milrose hired the Ehrlich law firm and sought to evict the Ojos, demanding excessive rent and additional fees, and ultimately initiating a summary dispossess action against them. (*Id.* ¶¶ 47-60.) As part of a settlement agreement to dismiss the summary dispossess action without prejudice, the Ojos vacated the premises and Milrose agreed not to seek any further rent payments. (*Id.* ¶¶ 61-69, 83.)

On January 29, 2020, the Ojos sued Milrose and Ehrlich in this Court, asserting claims for (1) breach of contract, (2) wrongful ouster, (3) negligence in maintaining the apartment, (4) "refusal to repair the apartment," (5) conspiracy, (6) violations of the FDCPA and the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. §§ 56:8-1 to 56:8-227; and (7) violations of the Consumer Leasing Act ("CLA"), 15 U.S.C. §§ 1667 to 1667f, and the New Jersey

Truth-in-Renting Act ("NJTIRA"), N.J. Stat. Ann. §§ 46:8-43 to 46:8-51. (DE 1 ¶¶ 32–64.)

Defendants subsequently filed a motion to dismiss the complaint, a motion I granted in part and denied in part in an order and opinion dated March 4, 2021. (*See* DE 17, 31, 32.) In that decision, I dismissed (1) Plaintiffs' claims for conspiracy (count 5) and for violations of the CLA and NJTIRA (count 7) in their entirety; (2) their claims for breach of contract, wrongful ouster, negligence, and refusal to repair (counts 1–4) insofar as they were asserted against Ehrlich; and (3) their claim for an FDCPA violation against Milrose and their claim for an NJCFA violation against both defendants (count 6). (DE 31 at 22, DE 32 at 1.) Thus, I allowed Plaintiffs to proceed on counts 1-4 against Milrose and count 6 against Ehrlich to the extent it asserted an FDCPA violation. (DE 31 at 22, DE 32 at 1.) I also granted Plaintiffs 30 days to file a motion to amend the complaint. (DE 32 at 2.)

On November 15, 2021, Plaintiffs filed the operative second amended complaint, alleging their sole federal claim (Count 1) against Ehrlich and their remaining state-law claims against Milrose (Counts 2 though 7). (2AC ¶¶ 96-143.) Specifically, they alleged claims for (1) violations of Sections 1692e and 1692f of the FDCPA; (2) breach of contract; (3) violation of N.J. Stat. Ann. §§ 2A:42-10.10 to 10.14, concerning "reprisal as unlawful grounds for civil action for re-entry"; (4) negligence in failing to repair the apartment; (5) negligence in failing to maintain the apartment; (6) abuse of process; and (7) violation of the New Jersey Security Deposit Act, N.J. Stat. Ann. §§ 46:8-19 to 46:8-26. (*Id.* ¶¶ 96-143.)

On November 17, 2021, Defendants filed the motion to dismiss now before the Court pursuant to Fed. R. Civ. P. 12(b)(1), arguing that this Court should not exercise supplemental jurisdiction over Plaintiffs' state-law claims. (Mot. at 6-10.)

## II.   DISCUSSION AND ANALYSIS

### A. Standard of Review

A motion to dismiss a complaint for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) may be brought as either a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008). Where, as here, the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein in the light most favorable to the plaintiff. *Gould*, 220 F.3d at 176 (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In such a case, the standard of review is similar to that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. That Rule 12(b)(6) standard, *mutatis mutandis*, provides that the Court may dismiss a complaint, in whole or in part, if the allegations of the complaint fail to set forth a plausible basis for jurisdiction. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The well-pleaded factual allegations of the complaint must be taken as true, with all reasonable inferences drawn in plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

Finally, I note that the Court will be more forgiving of complaints filed by pro se plaintiffs such as the Ojos and will construe their allegations liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Pro se complaints are nonetheless bound to the "essential obligation" of facial plausibility. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019); *see also Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

### B. Supplemental Jurisdiction over Plaintiffs' State-Law Claims

Under 28 U.S.C. § 1367, a district court with original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United

States Constitution." 28 U.S.C. § 1367(a).[2] This portion of the statute incorporates earlier case law concerning so-called "pendent" or "ancillary" jurisdiction. The test, then as now, requires a finding that (1) "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court"; (2) "[t]he state and federal claims must derive from a common nucleus of operative fact"; and (3) "considered without regard to their federal or state character, a plaintiffs' claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130 (1966). Here, the central concern of Defendants' motion to dismiss is whether Plaintiffs' "state-law claims share a 'common nucleus of operative fact' with the claims that supported the district court's original jurisdiction." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 307–08 (3d Cir. 2003), as amended (Nov. 14, 2003) (quoting *Gibbs*, 383 U.S. at 725). In such a case, supplemental jurisdiction promotes "judicial economy, convenience and fairness to litigants." *Id.* (quoting *Gibbs*, 383 U.S. at 726).

Defendants argue that the exercise of supplemental jurisdiction over Plaintiffs' state-law claims (Counts 2 through 7) is inappropriate because these claims do "not arise from the same substantive facts" as Plaintiffs' FDCPA claim (Count 1). (Mot. at 8-9.) Their argument is, however, a fairly skeletal one; they provide little detail to conclude that Plaintiffs' FDCPA claim and state-law claims derive from different sets of operative facts and are less than clear about the relief sought, suggesting variously that I dismiss the entire complaint,

---

[2] I also note that supplemental jurisdiction may be declined if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

dismiss only the state-law claims, or sever the state-law claims and remand them to state court. (*See id.* at 2, 10-11.) Moreover, Defendants do not claim that Plaintiffs' FDCPA claim is itself deficient; they argue only that the FDCPA claim is too unrelated to the state-law claims to justify supplemental jurisdiction. (*See id.* at 2, 8-10.)

In my prior opinion resolving Defendants' last motion to dismiss, I explicitly ruled that the exercise of supplemental jurisdiction was proper at this stage of litigation. (*See* DE 31 at 3, 12-13.) First concluding that Plaintiffs had sufficiently alleged FDCPA claims under 15 U.S.C. §§ 1692e and 1692f, I found that supplemental jurisdiction was appropriate because Plaintiffs' "state claims arise from the same landlord-tenant dispute and litigation that underlie the federal FDCPA claim." (*See* DE 31 at 3-4, 6-10, 12.) Nonetheless, I cautioned that their FDCPA claim was "hanging by a thread" because it was "not very clearly alleged" and also noted that it was asserted only against Ehrlich, weakening its connection to the state-law claims asserted solely against Milrose. (*See* DE 31 at 12-13.) Ultimately noting that Plaintiffs have "benefited from the leeway given to pro se pleadings," I found that the exercise of supplemental jurisdiction was proper—at least tentatively—but warned Plaintiffs that if their FDCPA claim "should prove to be unsupported, the Court may be constrained to dismiss the state claims as well." (*See* DE 31 at 12-13 (citing 28 U.S.C. § 1367(c)).

Defendants have offered no persuasive basis to revisit this ruling. As noted, Defendants do not attack the sufficiency of the FDCPA claim itself. *See Davis*, 824 F.3d at 349; *Gould*, 220 F.3d at 176. They have confined their motion to one under Fed. R. Civ. P. 12(b)(1), attacking jurisdiction. Their sole argument—that the FDCPA claim and state-law claims do not share a common nucleus of operative fact—is one that I rejected in my prior opinion, although the question was concededly a close one. Defendants now explain that the FDCPA claim and state-law claims arise from distinct facts because (1) the alleged FDCPA violations are "entirely procedural and cannot be considered

6

part of the same case or controversy suggested by the state claims"; and (2) the FDCPA and state-law claims require separate factual and legal analyses. (Mot. at 9.) Both points are conclusory and largely tangential to the basic issues of whether the claims "derive from a common nucleus of operative fact" and whether the exercise of supplemental jurisdiction promotes "judicial economy, convenience and fairness to litigants." *See Gibbs*, 383 U.S. at 725-26. Though the federal and state claims clearly differ in both form and substance, they all arise from the dispute over Milrose's maintenance of the Ojos' apartment unit, their employment of Ehrlich to collect rent from the Ojos, and the resulting summary dispossess action, as I noted in my prior opinion. (*See* DE 31 at 12.) Indeed, Plaintiffs allege that Ehrlich's efforts to improperly evict them and collect excessive rent and fees—the conduct underlying their FDCPA claim—were motivated by a desire to retaliate against Plaintiffs for their complaints and withholding of rent from their client Milrose. (2AC ¶¶ 47-60.)

I reiterate my earlier concerns: Plaintiffs' theories of an FDCPA violation could be more clearly alleged and the lack of overlap in parties between Plaintiffs' federal and state claims weakens the case for supplemental jurisdiction. Should the FDCPA claim ultimately prove to be unsupported, for example on summary judgment, the basis for federal court jurisdiction may evaporate as well. *See* 28 U.S.C. § 1367(c)(3). In choosing a federal court forum for these mostly state-law claims, Plaintiffs proceed at risk. I find, however, that the basis for my exercise of supplemental jurisdiction over Plaintiffs' state-law claims, expressed in the prior opinion, remains proper.

### III.   CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiffs' second amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED**.

A separate order will issue.

Dated: August 25, 2022

/s/ Kevin McNulty
_____
**Hon. Kevin McNulty**
**United States District Judge**

7