UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLUKAYODE D. OJO and OLATUNBOSUN G. OJO,<br><br>*Plaintiffs,*<br><br>v.<br><br>MILROSE 179 HARRISON, LLC, and EHRLICH, PETRIELLO, GUDIN & PLAZA,<br><br>*Defendants.* | Civil Action No. 20-949<br><br>ORDER |

**THIS MATTER** having come before the Court on Plaintiffs Olukayode D. Ojo's and Olatunbosun G. Ojo's (together, "Plaintiffs") Objection, ECF No. 113, to the Report and Recommendation of the Honorable Stacey D. Adams, U.S.M.J., awarding Plaintiffs judgment against Defendant Milrose 179 Harrison, LLC ("Milrose"), ECF No. 112 (the "R&R");

and it appearing that default was entered against Milrose on November 20, 2023;

and it appearing that Plaintiffs' claims against Defendant Ehrlich, Petriello, Gudin & Plaza ("Ehrlich") were settled, see ECF No. 114 at 4:14–20;

and it appearing that Plaintiff filed a motion for a Damages Hearing on January 29, 2024, ECF No. 90, which was unopposed by Milrose;

and it appearing that Judge Adams heard testimony by Plaintiffs on January 28, 2025, with Milrose's counsel appearing for the sole purpose of cross-examination but being barred from presenting affirmative evidence due to Milrose's default status;

and it appearing that Judge Adams reviewed the testimony and evidence presented and issued the R&R granting Plaintiffs judgment in the amount of $17,813.50 against Milrose, which

consisted of $11,013.50 for personal belongings, $1,800 for an unrefunded security deposit, and $5,000 for Plaintiffs' emotional distress and pain and suffering, see R&R at 1–2;

and it appearing that the R&R also directed the parties "to submit a stipulation of dismissal with respect to Plaintiffs' claims against [Ehrlich], which have been settled, by February 14, 2025," id. at 2 (emphasis omitted);

and it appearing that Plaintiffs filed an objection to the R&R, arguing that the R&R "failed to address (1) the statutory entitlement to double the security deposit under N.J. [Stat.] 46:8-21.1 and (2) Plaintiffs' entitlement to rent abatement due to the landlord's breach of its implied covenants, which significantly interfered with Plaintiffs' use and enjoyment of the premises," see ECF No. 113 at 1;

and it appearing that Plaintiffs argue that under New Jersey Statute 46:8-21.1, tenants are entitled to double the amount of the security deposit for any action brought against the landlord for the wrongful withholding of the security deposit, see N.J. Stat. § 46:8-21.1;[1] see also Packer v. Kone, No. 21-3501, 2023 WL 7644694, at *3–4 (N.J. Super. Ct. App. Div. Nov. 15, 2023) (affirming the trial court's double recovery award to plaintiff tenant when defendant landlord wrongfully withheld a portion of plaintiff's security deposit);[2]

and it appearing that Milrose did not return Plaintiffs' $1,800 security deposit within thirty days of the lease's termination, see ECF 114 at 47:6–19;

---

[1] Within thirty days of a lease's termination, a landlord must return a tenant's security deposit "less any charges expended in accordance with the terms of . . . the lease." N.J. Stat. § 46:8-21.1. "In any action by a tenant . . . for the return of moneys due under this section, the court upon finding for the tenant . . . shall award recovery of double the amount of [the tenant's security deposit]. . . ." Id. The double recovery is statutorily mandated. Kang In Yi v. Re/Max Fortune Props., Inc., 770 A.2d 738, 740 (N.J. Super. Ct. App. Div. 2001).

[2] Although Plaintiffs did not specifically request damages for double the amount of the security deposit before Judge Adams, the Court will nonetheless award Plaintiffs such damages given Plaintiffs' pro se status and their clear entitlement to statutory damages.

2

and therefore Plaintiff is entitled to double the amount of the security deposit for a total of $3,600;

and it appearing that Plaintiffs argue that they are entitled to a forty-percent (40%) rent abatement for the last six months of the first year of their tenancy and the entire second year of their tenancy, which "reflects the diminished value of the premises caused by Defendant's breaches and is consistent with the evidence presented during the [D]amages [H]earing," see ECF No. 113 at 3–4;[3]

and it appearing that specifically, Plaintiffs seek retroactive rent abatement in the amount of $4,320 for the last six months of the first year of their tenancy ($1,800 rent x 6 months x 0.4), and $8,880 for the entire second year of their tenancy ($1,850 rent x 12 months x 0.4), see id.;

and it appearing that a tenant may initiate an action against his landlord to recover either part or all of the rent paid during a term where the lessor has broken his covenant to maintain the premises in a habitable condition, see Berzito v. Gambino, 308 A.2d 17, 22 (N.J. 1973); Sanders ex rel Sanders v. Rosenberg, No. 06-1406, 2008 WL 2945983, at *4 (D.N.J. July 30, 2008) ("New Jersey courts have allowed tenants to recover rent that has already been paid to the landlord in an implied warranty of habitability action against his landlord brought after the tenant has vacated the premises."); Timber Ridge Town House v. Dietz, 338 A.2d 21, 23 (N.J. Super. Ct. Law Div. 1975) (calling the claim allowed in Berzito "in effect one for retroactive abatement"); see also Penny

---

[3] Plaintiffs did not specifically request rent abatement in their Motion for Damages, Affidavit of Damages, or during the Damages Hearing. See ECF Nos. 90, 104, 114. Plaintiffs, however, requested more broadly compensatory damages for "the diminished value of their enjoyment of the apartment during the uninhabited period," and "any other relief [the Court] deem[s] just and equitable [under] the circumstances." See ECF No. 90 at 2–3. Though not specifically requested in Plaintiffs' papers or during the hearing, the Court will entertain Plaintiffs' request for rent abatement given Plaintiffs' broad request for compensatory damages and the testimony during the Damages Hearing, which established the uninhabitable condition of Plaintiffs' apartment. See, e.g., ECF No. 114 at 121:9–22 (Magistrate Judge Adams recounting Plaintiffs' testimony about their "horrible living conditions," which included a bedbug and roach-infestation and broken cabinets, doors, and other fixtures). The Court further notes that Milrose's counsel was permitted to cross-examine Plaintiffs during the Damages Hearing despite Milrose's default status.

Point Park Apartments v. Barnes, No. A-2754-06T5, 2007 WL 3289133, at *2 (N.J. Super. Ct. App. Div. Nov. 8, 2007) (collecting cases);

and it appearing that Milrose is in default and therefore admits to the factual allegations in the complaint regarding its failure to maintain the apartment in habitable condition, see Doe v. Simone, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2023) ("[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages."); see, e.g., ECF No. 57 ¶ 103 (alleging that Milrose was responsible for making the apartment habitable, "but failed to discharge that responsibility by allowing [for] bed bug infestation, roaches, and other defects to exist");

and it appearing that Plaintiffs have nonetheless demonstrated at the Damages Hearing that Milrose failed to keep their apartment in habitable condition, see, e.g., ECF No. 114 at 121:9–22 (the apartment was infested with bedbugs and roaches, the doors were falling off, and the fixtures were broken);

and it appearing that Plaintiffs' request for a forty-percent (40%) retroactive rent abatement is reasonable in light of the well-detailed diminished value of the apartment;

and therefore, the Court finds that Plaintiffs are entitled to retroactive rent abatement totaling $13,200;

and for good cause shown;

**IT IS** on this 13th day of August, 2025,

**ORDERED** that the R&R is **AFFIRMED in part**, and **MODIFIED in part**; and it is further

4

**ORDERED** that final judgment in the amount of **$32,813.50** be entered against Milrose, as follows:

| Personal Belongings | $11,013.50 |
|---|---|
| Unrefunded Security Deposit | $3,600.00 |
| Emotional Distress/Pain & Suffering | $5,000.00 |
| Rent Abatement | $13,200.00 |
| TOTAL: | $32,813.50 |

and it is further **ORDERED** that the settled claims against Defendant Ehrlich are **DISMISSED WITH PREJUDICE**. This case is **CLOSED**.

*s/ Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
UNITED STATES DISTRICT JUDGE